| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Onyinye Anyama Esq. (SBN: 262152) <br> Anyama Law Firm \| A Professional Law Corporation <br> 18000 Studebaker Road, Suite 325 <br> Cerritos, California 90703 <br> Tel. (562) 645-4500; Fax (562) 318-3669 <br><br> E-mail: info@anyamalaw.com <br><br><br> ☐ *Movant appearing without an attorney* <br> ☒ *Attorney for Movant* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re: <br><br> BRIAN JAY BUENVIAJE <br><br><br><br><br><br><br><br><br><br><br> Debtor(s). | CASE NO.: 2:16-bk-15189-VZ <br><br> CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION IN CHAPTER 11 CASE FOR THE ENTRY OF**: <br><br> ☐ **A FINAL DECREE AND ORDER CLOSING CASE; OR** <br><br> ☒ **AN ORDER CLOSING CASE ON INTERIM BASIS** <br><br> **[11 U.S.C. § 350(a) and 1101(2); FRBP 3022; LBR 3022-1]** |
| | ☒ No hearing unless requested under LBR 9013-1(o)(4) <br> ☐ Hearing Information: <br> DATE: <br> TIME: <br> COURTROOM: <br> ADDRESS: |

**PLEASE TAKE NOTICE THAT** the Reorganized Debtor or chapter 11 trustee requests the entry of a final decree and/or an order closing a chapter 11 case in which a plan of reorganization was confirmed.

Your rights might be affected by this Motion.  You may want to consult an attorney.  Refer to the box checked below for the deadline to file and serve a written response.  If you fail to timely file and serve a written response, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.  You must serve a copy of your opposition upon the Reorganized Debtor, the Reorganized Debtor's attorney, the United States trustee, and on the judge pursuant to LBR 5005-2(d) and the Court Manual.

1.  ☒  **No Hearing Scheduled; Notice Provided under LBR 9013-1(o):**  This Motion is filed by the Debtor pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing.  The full Motion is attached, including the legal and factual grounds upon which the Motion is made.  If you wish to oppose this Motion, you must file a

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                                       Page 1                              **F 3022-1.1.MOTION.CLOSE.CH11.CASE**

written response and request for hearing with the court and serve it as stated above, **no later than 14 days after the date stated on the Proof of Service of this Motion** plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). Your opposition must comply with LBR 9013-1(f) and (o).

2. ☐ **Hearing Set on Regular Notice; Notice Provided under LBR 9013-1(d):** This Motion is set for hearing on regular notice pursuant to LBR 9013-1(d). The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above **no later than 14 days prior to the hearing.** Your response must comply with LBR 9013-1(f). The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

3. ☐ **Other** (*specify*):

Date: 06/06/2022

Signature of Reorganized Debtor or trustee

Brian Jay Buenviaje
Printed name of Reorganized Debtor or trustee

Date: 06/06/2022

/s/Onyinye N. Anyama
Signature of attorney for Reorganized Debtor or trustee, if any
Onyinye N Anyama
Printed name of attorney for Reorganized Debtor or trustee, if any

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                    Page 2                    **F 3022-1.1.MOTION.CLOSE.CH11.CASE**

**MOTION IN CHAPTER 11 CASE FOR ENTRY OF:**

☐ **A FINAL DECREE AND ORDER CLOSING CASE; OR**

☒ **AN ORDER CLOSING CASE ON AN INTERIM BASIS**

1. **Movant is the:** ☒ Reorganized Debtor    ☐ Chapter 11 trustee

2. **Postconfirmation Status of Bankruptcy Case:** Pursuant to 11 U.S.C. § 1101(2), FRBP 3022, and applicable case law and except as noted in the Declaration:

   a. The order confirming the plan of reorganization is final;

   b. All deposits required by the plan have been distributed;

   c. All property proposed by the plan to be transferred has been transferred;

   d. The Debtor or successor to the Debtor under the plan has assumed the business or the management of the property dealt with by the plan;

   e. All payments or other distributions under the plan have commenced; and

   f. All motions, contested matters, and adversary proceedings have been finally resolved.

3. **Relief Requested** (*check one box only*):

   a. ☐ **Motion for Entry of Final Decree in a Case that Has Been Fully Administered:** Movant requests the entry of a final decree because the chapter 11 plan has been substantially consummated and the bankruptcy case has been fully administered pursuant to 11 U.S.C. §§ 350(a), 1101(2), FRBP 3022, and applicable case law.

   b. ☒ **Motion for Entry of an Order Closing the Case on an Interim Basis:** Movant requests the entry of an order closing this bankruptcy case on an interim basis. Though the chapter 11 plan has been substantially consummated, the bankruptcy case cannot be fully administered at this time. At a later time, a motion to reopen the bankruptcy case will be filed so that a motion for entry of discharge (or other motion or contested matter) may be filed and resolved.

4. **Evidence in Support of Motion:** Movant includes as evidence the declaration and any exhibits.

Based on the foregoing, movant requests the court grant the relief requested.

Date: 06/06/2022

Signature of Reorganized Debtor or trustee,
or attorney for Reorganized Debtor or trustee

Brian Jay Buenviaje

Printed name of Reorganized Debtor or trustee,
or attorney for Reorganized Debtor or trustee

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2016*                                Page 3                      **F 3022-1.1.MOTION.CLOSE.CH11.CASE**

**DECLARATION IN SUPPORT OF MOTION IN CHAPTER 11 CASE FOR ENTRY OF
A FINAL DECREE AND ORDER CLOSING CASE, OR
AN ORDER CLOSING CASE ON AN INTERIM BASIS**

**1. Name of Declarant and Foundation for Personal Knowledge:**

   a.  I, *(name)* Brian Jay Buenviaje
       make the following declaration in support of this motion.

   b.  (1) ☒ I have personal knowledge of the following facts because I am the:

       ☒ Reorganized Debtor ☐ Chapter 11 trustee

       (2) ☐ I am related to this bankruptcy case as the _____
       and I have personal knowledge of the following facts because *(specify)*:

**2. Postconfirmation Status of Bankruptcy Case:** except as noted in the following paragraph,

   a.  The order confirming the plan of reorganization is final;

   b.  All deposits required by the plan have been distributed;

   c.  All property proposed by the plan to be transferred has been transferred;

   d.  The Debtor or successor to the Debtor under the plan has assumed the business or the management of the property dealt with by the plan;

   e.  All payments or other distributions under the plan have commenced; and

   f.  All motions, contested matters, and adversary proceedings have been finally resolved.

**3. Exceptions** (if any):

**4. Facts Regarding Full Administration of Bankruptcy Case** *(check one box only)*:

   a.  ☐ **The Bankruptcy Case Has Been Fully Administered:** All motions, contested matters, and adversary proceedings have been finally resolved.

   b.  ☒ **The Bankruptcy Case Has Not Been Fully Administered:** All adversary proceedings have been resolved, but all motions and contested matters have not been finally resolved. It is contemplated that, at a later time, a motion to reopen the bankruptcy case will be filed so that a motion for discharge (or other motion or contested matter) may be filed and resolved.

**5. Exhibits** (if any). The following exhibits support facts asserted in this declaration:

   ☒ Exhibit **A:** District Court's orders granting the three Motions to withdraw the refernce

   ☐ Exhibit **B:**

   ☐ Exhibit **C:**

   ☐ Exhibit **D:**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/06/2022 | Brian Jay Buenviaje | |
| Date | *Printed Name* | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                    Page 4                          F 3022-1.1.MOTION.CLOSE.CH11.CASE

Onyinye Anyama Esq. (SBN: 262152)
**Anyama Law Firm | A Professional Law Corporation**
18000 Studebaker Road, Suite 325
Cerritos, Ca 90703
Tel: (562) 645-4500 Fax: (562) 645-4494
info@anyamalaw.com

Attorney for Reorganized Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>**BRIAN JAY BUENVIAJE**<br><br><br><br><br><br>Debtor | Case No. **1:16-bk-15189-VZ**<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE ENTRY OF AN ORDER CLOSING CASE ON AN INTERIM BASIS PURSUANT TO 11 U.S.C. § 1101(2) AND LBR 3022-1(b)**<br><br>**No Hearing Required per LBR 9013-1(o)** |

   **TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, TWENTY LARGEST UNSECURED CREDITORS AND ALL INTERESTED PARTIES:**

Please take notice that Reorganized Debtor, Mr. Brian Jay Buenviaje ("Mr. Buenviaje"), hereby submits this Memorandum of Points and Authorities in Support of Motion For The Entry of an Order Closing Case on an Interim Basis Pursuant To 11 U.S.C. § 1101(2) And LBR 3022-1(b) (the "Memorandum"). The reorganized debtors in the two closely related cases, *In re Rosalinda Buenviaje*, 2:16-bk-15191-VZ and *In re LBJ Healthcare Partners, Inc.*, 2:16-bk-15197-VZ, have filed similar motions, with similar memoranda.

As stated in the attached motion, all but three matters in this case have been resolved. However, as discussed below, the Court can administratively close Mr. Buenviaje's case before the matters are resolved because they must be resolved in appellate fora.

**I. STATUS OF THE PLAN**

The joint plan for the three related reorganized debtors provided the following payment schedule:

**A. Administrative Expense Payments**

**1. Payments to Ms. Buenviaje's Counsel, Mr. Nicholas Gebelt**

Section VIII.B.1. of Ms. Buenviaje's version of the Plan provided the following treatment of Mr. Gebelt's claim:

| **Claimant:** Nicholas Gebelt | | | | | | |
|---|---|---|---|---|---|---|
| **Claim Amount** (less paid to date) <br> ☐ Actual <br> ☑ Estimated | **Interest Rate** | **Amount Paid on Effective Date** | **Amount Paid After Effective Date** | | | |
| | | | **Frequency** | **Each Payment** | **Balloon Payments** | **Term of Payments** |
| $100,000 <br> This will increase due to the cost of prosecuting the adversary proceeding for sanctions against the Charnetskys, et al. | 0% | $4,500 | ☑ Monthly <br><br> ☐ Quarterly | $4,500 | $0.00 | 23 months |

On February 2, 2021, the Court entered its order as docket entry 528, granting Mr. Gebelt's final fee application. The unpaid portion of the fees increased between the filing of the Plan in September 2020, and the filing of the final fee application, due primarily to the Charnetskys and Crewe Street Acquisition, LLC's ("CSA") opposition to confirmation. In addition, Mr. Gebelt has earned fees and incurred costs associated with defending Ms. Buenviaje in the appeal. As a result, the total amount Mr. Gebelt will eventually collect will be considerably larger than the estimated $100,000. Since the payments will remain at $4,500 per month, this means that the payments will last for more than 23 months.

Ms. Buenviaje has been paying $2,000 and LBJ has been paying the remaining $2,500 of Mr. Gebelt's fees each month. The payments are current.

## 2. Payments to LBJ's Counsel, Mr. Robert Aronson

Section VIII.B.1. of LBJ's version of the Plan provided the following treatment of Mr. Aronson's claim:

**Claimant:** Robert M. Aronson

| Claim Amount (less paid to date) ☐ Actual ☑ Estimated | Interest Rate | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Payment | Balloon Payments | Term of Payments |
| $320,000 approximately | 0% | $5,000 | ☑ Monthly ☐ Quarterly | $5,000 for 64 months. The amount of such payments will increase and time for payment decrease | $0 | 64 months, or less depending on the factors in Exhibit D |

On March 26, 2021, the Court entered its order as docket entry 638 in the LBJ docket, granting Mr. Aronson's final fee application. As with Mr. Gebelt, the unpaid portion of the fees increased between the filing of the Plan in September 2020, and the filing of the final fee application, due primarily to the Charnetskys' and CSA's opposition to confirmation. In addition, Mr. Aronson has earned fees and incurred costs associated with defending LBJ in the appeal. As a result, the total amount Mr. Aronson will eventually collect will be considerably larger than the estimated $320,000. Since the payments are now $5,200, which is slightly higher than the Plan provision of $5,000, and will remain at this amount per month, it is not likely that this amount will be satisfied within 64 months. However, the remainder owing to Mr. Aronson will be paid as part of the refinance of the debts owing against the Crewe Street Property at the end of the Plan.

Mr. Buenviaje and LBJ have been paying Mr. Aronson's fees. The payments are current.

## 3. Payments to Mr. Buenviaje's Counsel, Ms. Onyinye N. Anyama

Section VIII.B.1. of Mr. Buenviaje's version of the Plan provided the following treatment of Ms. Anyama's claim:

**Claimant:** Onyinye N. Anyama

| Claim Amount (less paid to date) □ Actual ☑ Estimated | Interest Rate | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Payment | Balloon Payments | Term of Payments |
| $50,000 | 0% | $1,000.00 | ☑ Monthly □ Quarterly | $1,000.00 | $0 | 50 months |

On April 28, 2021, the Court entered its order as docket entry 623 in the Mr. Buenviaje docket, granting Ms. Anyama's final fee application. The unpaid portion of the fees increased between the filing of the Plan in September 2020, and the filing of the final fee application, due primarily to the Charnetskys' and CSA's opposition to confirmation. In addition, Ms. Anyama has earned fees and incurred costs associated with defending Mr. Buenviaje against the appeal.

As a result, the total amount Ms. Anyama will eventually collect will be considerably larger than the estimated $50,000. Since the payments will remain at $1,000 per month, this means that the payments will last for more than 50 months.

Mr. Buenviaje and LBJ have been paying Ms. Anyama's fees. The payments are current.

**4. Payments to The Former Subchapter V Trustee, Mr. John-Patrick Fritz**

Section VIII.B.1. of Mr. Buenviaje's version of the Plan provided the following treatment of Mr. Fritz's claim:

**Claimant:** John-Patrick Fritz

| Claim Amount (less paid to date) □ Actual ☑ Estimated | Interest Rate | Amount Paid on Effective Date | Amount Paid After Effective Date | | | |
|---|---|---|---|---|---|---|
| | | | Frequency | Each Payment | Balloon Payments | Term of Payments |
| $20,347.07 | 0% | $1,500.00 | ☑ Monthly □ Quarterly | $1,500.00 | $847.07 | 14 months |

On October 1, 2020, the Court entered its order as docket entry 558 in the Mr. Buenviaje docket, granting Mr. Fritz's final fee application for $20,347.07.

Mr. Buenviaje and LBJ have been paying Mr. Fritz's fees. The payments are current.

### 5. Payments To The United States Trustee

Section VIII.B.1. of Mr. Buenviaje's version of the Plan provided the following treatment of the U.S. Trustee's claim:

| Claimant: United States Trustee | | | | | | |
|---|---|---|---|---|---|---|
| **Claim Amount** (less paid to date) <br> ☐ Actual <br> ☑ Estimated | | | **Amount Paid After Effective Date** | | | |
| | **Interest Rate** | **Amount Paid on Effective Date** | **Frequency** | **Each Payment** | **Balloon Payments** | **Term of Payments** |
| $975.00 | 0% | $975.00 | ☐ Monthly <br> ☑ Quarterly | $975.00 | $0.00 | 60 months |

Mr. Buenviaje have been paying the U.S. Trustee fees. The payments are current as of the filing of this Report. Because LBJ's and Mr. Buenviaje's quarterly disbursements are considerably larger than Ms. Buenviaje's, their U.S. Trustee fee payments are larger. Those larger payments are disclosed in the Status Reports of those reorganized debtors.

## B. Unsecured Nonpriority Debt Payments

In Exhibit B of Mr. Buenviaje's version of the Plan, he disclosed the following general unsecured debts:

| Claimant | Nature of Claim | Status | Class Number |
|---|---|---|---|
| Business Lending Services | Consulting services in the amount of $80,000 | Scheduled, undisputed; no claim filed | 2(b) |
| Navient | Student loan in the amount of $40,649.36 | Scheduled, undisputed. Claim filed as Claim No. 2 | 2(c) |
| The Paya Firm | Legal fees in the amount of $20,100 | Scheduled, undisputed. No claim filed. | 2(b) |
| U. S Department of Education | Student loan in the amount of $2,249.16 | Scheduled, undisputed. Claim filed as Claim no. 1 | 2(c) |
| **Total** | **$142,998.52** | | |

Section VIII.D. of the Plan provided that these general unsecured debts would be paid at 5.00% of the values of their claims, for a total payout to this class of $7,149.93 (= $142,998.52 × 0.05). Given the small amounts to be paid on these claims, LBJ paid them all at once. Therefore, no more is owed on any of them.

**C. Unimpaired Secured Debt Payments**

Section VIII.E. of Mr. Buenviaje's version of the Plan listed one unimpaired secured creditor with a claim secured by the Crewe Street Property: A property tax that is owed to the L.A. County Tax Collector:

| ☑ Class # 3a | Claimant: L.A. County Tax Collector<br>Basis for secured status: Property Tax<br>Priority of Lien: Fifth Position | | | | | | |
|---|---|---|---|---|---|---|---|
| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly Payments | Final Payment Date |
| $104,738.18 | $135,722.03 | 18.00% | 09/30/2020 | $4,378.13 | Monthly | $52,537.50 | 04/26/2023 |

Mr. Buenviaje and LBJ have been paying the tax obligation. The payments are current.

**D. Impaired Secured Debt Payments**

Section VIII.E. of Mr. Buenviaje's version of the Plan listed several impaired secured creditors.

**1. Payments To GBC Bank**

Section VIII.E. of Mr. Buenviaje's version of the Plan provided the following treatment of GBC Bank, whose claim is secured by the Crewe Street Property:

| ☑ Class # 4a | Claimant: GBC Bank<br>Basis for secured status: Deed of Trust Against the Property<br>Priority of Lien: First Mortgage<br><br>☐ Lien is not modified in any way.<br>☑ Lien is modified as follows: Interest rate is changed to 5% principal and interest payment of $5,888.61, with an additional payment of $966.65/month from 2/1/2020 to 1/31/2021, with the loan maturing at the earlier of 5 years from the date of plan confirmation or 5/1/2025, with a balloon payment then due of $826.630.19. |
|---|---|

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly Payments | Final Payment Date |
|---|---|---|---|---|---|---|---|
| $964,840.06 | $20,565.78 | 5.00% | 10/30/2020 | $6,855.26 | Monthly | $20,565.78 | 01/01/2021 |
| | $300,319.11 | 5.00% | 02/01/2021 | $5,888.61 | Monthly | $70,663.32 | 05/01/2025 |
| | $826,630.19 | 5.00% | 06/01/2025 | Ballon of $826,630.19 | Once | | 05/01/2025 |
| Total | $1,147,515.08 | | | | | | |

Mr. Buenviaje and LBJ have been paying the GBC obligation. The payments are current.

## 2. Payments On The SBA Loan Through Wells Fargo Bank

Section VIII.E. of Mr. Buenviaje's version of the Plan provided the following treatment of the SBA claim, whose claim is secured by the Crewe Street Property:

| ☑ Class # 4b | **Claimant:** U S Small Business Administration |
|---|---|
| | **Basis for secured status:** Deed of Trust Against the Property |
| | **Priority of Lien:** Second Mortgage |

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly Payments | Final Payment Date |
|---|---|---|---|---|---|---|---|
| $443,439.00 | $376,007.31 | 4.376% | 09/30/2020 | $5,968.37 | Monthly | $71,620.44 | 04/30/2025 |
| | $135,888.55 | 4.376% | 05/31/2025 | $135,888.55 | Once | $135,888.55 | 05/31/2025 |
| Total | $511,895.86 | | | | | | |

Mr. Buenviaje and LBJ have been paying the SBA obligation. The payments are current.

## 3. Payments on The CSA And Charnetsky Debts

Per the terms of the confirmed plan, Mr. Buenviaje and LBJ have been depositing $8,530.80 (= $3,913.70 + $3,379.60 + $1,660.50) into a trust account. The payments are being held in a trust account pending the resolution of the three adversary proceedings the reorganized debtors filed against the Charnetskys, CSA, and their counsel. The payments are current.

///

///

**4. Payments on The Emerald Property Mortgage**

      Mr. Buenviaje's version of the Plan provided for the ongoing regular payments of the mortgage on his home. He is current on those payments.

**II. MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Authority To Administratively Close The Case**

      The Bankruptcy Code defines "substantial consummation" as the

      (A) transfer of all or substantially all of the property proposed by the plan to be transferred;

      (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

      (C) commencement of distribution under the plan.
      11 U.S.C. § 1101(2).

      Based on the information stated in the Status of The Plan section above, the estate is substantially consummated, but not fully administered.

      The local bankruptcy rules of the Central District provide: "If a chapter 11 estate is substantially consummated, but not fully administered, the reorganized debtor… may file a motion for an order closing case on an interim basis using the procedure of LBR 9013-1(d) or (o)." LBR 3022-1(b).

The case law echoes this rule:

      Bankruptcy courts have routinely approved the practice in confirmed individual chapter 11 cases of administratively closing the case while the debtor makes payments under the plan progressing towards earning a discharge. This practice, approved by the United States Trustee, benefits the estate because the debtor need not bear the expense of filing operating reports or paying quarterly UST fees.

*In re Hill*, Case No. 13-18344-PDR (Bankr. S.D. Fla. November 23, 2021).

      Therefore, Mr. Buenviaje is submitting the motion to which this Memorandum is attached. As previously stated, there are three pending matters associated with Mr. Buenviaje's case:

**B. The Pending Appeal Of The Confirmation Order**

      The Charnetskys and their business, Crewe Street Acquisitions, LLC (collectively, the "Charnetskys"), are seeking to derail the Plan and seize the Crewe Street Property and LBJ. To that end, they appealed the Confirmation Order to the District Court. The case number is 2:20-cv-11242-JWH.

On November 8, 2021, the District Court entered its Memorandum Opinion and Order Dismissing Bankruptcy Appeal (the "Order") as docket entry 36. In the Order the Court reviewed the history of the case, concluded that the appeal was without merit, and dismissed the appeal.

In spite of their many unsuccessful attacks, like the proverbial leopard that is unable to change its spots, the Charnetskys cannot stop their obstructionism: They appealed the District Court's ruling to the Ninth Circuit. The Ninth Circuit case number is 21-56333. On January 12, 2022, the parties — including the three related reorganized debtors, Rosalinda Buenviaje, LBJ Healthcare Partners, Inc., and Brian Buenviaje — participated in a fruitless mediation conducted by Ninth Circuit Mediator, Mr. Steven J. Saltiel. Mr. Saltiel then entered an order consolidating the three appeals into one. The consolidated case number is 21-56330. Appellants have filed their opening brief, the three reorganized debtors filed their answering brief, and Appellants filed their reply. Because of the protracted nature of Ninth Circuit practice, it may be some time before the matter is resolved.

At this point, there is nothing for this Bankruptcy Court to do in this matter until the Ninth Circuit enters its ruling on the appeal. Given the history of the appeal, and the facts that:

1. The Charnetskys failed to seek a stay of the confirmation order pending appeal — making the appeal equitably moot and subject to dismissal (*see, e.g.*, *In re Mortgs. Ltd.*, 771 F. 3d 1211, 1215-1216 (9th Cir. 2014) ("When an appellant fails to seek a stay without adequate cause, we have held that we dismiss the appeal as equitably moot.")); and
2. Both this Bankruptcy Court and the District Court rejected the Charnetskys' argument that they were entitled to compound interest — *i.e.* interest on interest because the notes on which their claims are based explicitly provide for simple interest, a fact to which their own expert testified;

it is very likely that the Ninth Circuit will sustain the District Court's holding.

Given the Charnetskys' Ahab-like obsession with seizing the three reorganized debtors' assets, the Charnetskys will undoubtedly appeal to the U.S. Supreme Court. However, based on the aforementioned facts, it seems unlikely that the Supreme Court will grant *certiorari*.

**C. The Motion To Reopen The Appeal To Obtain Sanctions**

When the District Court dismissed the Charnetskys' appeal, it simultaneously closed the appellate case. Thus, the appellees did not have an opportunity to request sanctions under 28 U.S.C. § 1927. Therefore, on November 16, 2021, they each filed motions to reopen their cases to seek sanctions against the Charnetskys' counsel for their frivolous appeal. The Court has not yet ruled on that motion.

**D. The Reorganized Debtors' Adversary Proceedings to Recover Damages For The Charnetskys' Ongoing Vexatious Litigation**

Each of the three related reorganized debtors initiated an adversary proceeding to recover damages from the Charnetskys for their ongoing vexatious litigation. This Bankruptcy Court ruled that the Defendants were entitled to a jury trial. In light of the great likelihood that the Defendants would appeal any adverse outcome in the Bankruptcy Court, to avoid the additional layer of costs at the appellate level the Plaintiffs did not consent to the Bankruptcy Court conducting the jury trial.

On November 9, 2021, the Plaintiffs filed motions to withdraw the reference. On February 17, 2022, the District Court granted Mr. Buenviaje's motion and LBJ's motion, on February 18, 2022, it granted Mr. Buenviaje's motion. True and correct copies of the three orders are attached as Exhibit A.

**E. None Of The Pending Matters Require Any Action By This Bankruptcy Court**

The above described pending matters are all pending in appellate fora, and do not require any action by the Bankruptcy Court. Thus, there is "left nothing for the court to do but administratively close the case." *In re Jackson*, 585 BR 410, 414 (B.A.P. 6th Cir. 2018).

Accordingly, there is no reason for the underlying bankruptcy case to remain open, so by this motion Mr. Buenviaje respectfully asks the Court to enter an order closing the case on an interim basis.

If anything associated with Mr. Buenviaje's case requires the Court's attention, she will, of course, move the Court to reopen the case pursuant to 11 U.S.C. § 350(b).

**F. The Status Of The Automatic Stay In The Absence Of A Discharge**

**1. The Absence of A Discharge**

Because Mr. Buenviaje is an individual, pursuant to 11 U.S.C. § 1141(d)(5)(A) she did not receive a discharge at plan confirmation. Therefore, if the Court closes her case on an interim basis, she will not have the protection of the permanent discharge injunction of 11 U.S.C. § 1124(a). And if the Court closes the case without entering a discharge, Fed. R. Bankr. Proc. 4006 instructs the clerk to "promptly notify all parties in interest."

Upon receiving the notice, the Charnetskys may be emboldened to sue Mr. Buenviaje in the California Superior Court.

**2. The Automatic Stay**

Section X.A. of the joint plan provided: "The automatic stay is lifted upon confirmation as to property of the estate. However, the stay continues to prohibit collection or enforcement of pre-petition claims against the Debtor or the Debtor's property until the date the Debtor receives a discharge…" However, Section X.D. provided:

> Once the Plan has been consummated, a final decree may be entered upon motion of the Proponent. The effect of the final decree is to close the bankruptcy case. After such closure, a party seeking any type of relief relating to a Plan provision can seek such relief in a state court of general jurisdiction.

Although the plan has been substantially consummated, after receiving notice of the case closure, the Charnetskys' litigious impulse may lead them to sue Mr. Buenviaje in the Superior Court.

### 3.  Request For Specific Language In The Order

To ensure that the Charnetskys, CSA, or their counsel do not sue her after the Court closes the case, Mr. Buenviaje respectfully asks the Court to include the following two provisions in the order closing his case:

> The automatic stay is lifted upon confirmation as to property of the estate. However, even though by this order the Court is closing Mr. Buenviaje's case on an interim basis, the stay continues to prohibit collection or enforcement of pre-petition claims against her or his property until the date he receives a discharge.

> The clerk of the Court is not to not to issue notice under Fed. R. Bankr. P. 4006.

The inclusion of these provisions comports with the case law. *See*, *e.g.*, *In re Mendez*, 464 B.R. 63, 66 (Bankr. D. Mass. 2011) ("Bankruptcy Code § 105(a), which should be invoked only in rare circumstances, provides the basis for such a remedy and I will employ it here.

Closing this case administratively, ordering that the automatic stay pursuant to Bankruptcy Code § 362 continue and instructing the clerk of courts not to issue notice under Fed. R. Bankr. P. 4006 …").

///

///

### III. CONCLUSION

Although there are matters still pending in Mr. Buenviaje's case, they are pending in appellate fora, and do not require the attention of this Bankruptcy Court. Therefore, they create no impediment to the administrative closing of her case.

Accordingly, Mr. Buenviaje respectfully asks the Court to enter an order administratively closing her case, and include the following language in the order:

> The automatic stay is lifted upon confirmation as to property of the estate. However, even though by this order the Court is closing Mr. Buenviaje's case on an interim basis, the stay continues to prohibit collection or enforcement of pre-petition claims against he or his property until the date he receives a discharge.

> The clerk of the Court is not to not to issue notice under Fed. R. Bankr. P. 4006.

Dated: June 6, 2022                                ANYAMA LAW FIRM, A.P.C


By: */s/Onyinye N. Anyama*
        Onyinye N. Anyama
        Attorney for Debtor
        Brian Jay Buenviaje

# Exhibit A

cc: USBK

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:21-cv-01903-JWH | Date | February 17, 2022 |
|---|---|---|---|
| Title | *Rosalinda Buenviaje v. Leticia Charnetsky, et al.* | | |

| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER (IN CHAMBERS)**

Before the Court is the unopposed motion of debtor and debtor-in-possession Rosalinda Buenviaje for an order withdrawing the reference in connection with an adversary proceeding currently pending before the U.S. Bankruptcy Court for the Central District of California: *Buenviaje v. Charnetsky*, Adversary No. 2:19-ap-01229-VZ (the "Adversary Proceeding").[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support, the Court orders that the Motion is **GRANTED**, as set forth herein.

On July 18, 2019, Buenviaje filed an Adversary Complaint for Sanctions against Defendants Leticia Charnetsky, an individual and trustee; Victor C. Charnetsky, an individual and trustee; The Family Trust of Victor C. Charnetsky and Leticia L. Charnetsky, a Revocable Trust; Crewe Street Acquisition, LLC; Victor S. Charnetsky, an individual and Managing Member; Catanzarite Law Corporation; Kenneth J. Catanzarite; Eric V. Anderton; and Roes 1-30, thereby

---

[1]    Mot. to Withdraw the Reference in Adversary Proceeding (the "Motion") [ECF No. 1].

**CIVIL MINUTES—
GENERAL**
Initials of Deputy Clerk iv

commencing the Adversary Proceeding.[2]  Defendants answered on October 4, 2019, and demanded a jury trial.[3]  The Bankruptcy Court determined that Defendants had a right to a jury trial on this matter, and Buenviaje does not consent that the Bankruptcy Court may conduct the jury trial.[4]  Buenviaje believes that the United States District Court should conduct the jury trial, and, accordingly, she filed a stipulation in the Bankruptcy Court to transfer the Adversary Proceeding to the District Court.[5]  The Bankruptcy Court entered an order denying the stipulation because it could not simply transfer the Adversary Proceeding to the District Court; instead, for the District Court to assume jurisdiction over the Adversary Proceeding, the District Court must withdraw the reference.[6]

The Court finds Buenviaje's arguments meritorious.  Because the parties are entitled to a jury trial and Buenviaje does not consent that the Bankruptcy Court may conduct that jury trial, the motion is **GRANTED**.  The Court hereby **WITHDRAWS** the reference in connection with the Adversary Proceeding.

**IT IS SO ORDERED.**

---

[2]      *Id.* at ¶ 6.

[3]      *Id.* at ¶ 7.

[4]      *Id.* at ¶¶ 9 & 10.

[5]      *Id.* at ¶ 11.

[6]      *Id.*; *id.*, Ex. A.

cc: USBK

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES— GENERAL

| Case No. | 5:21-cv-01906-JWH | | Date | February 17, 2022 |
|---|---|---|---|---|

| Title | *LBJ Healthcare Partners, Inc. v. Leticia Charnetsky, et al.* |
|---|---|

| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  ORDER (IN CHAMBERS)**

Before the Court is the unopposed motion of reorganized debtor LBJ Healthcare Partners, Inc. for an order withdrawing the reference in connection with an adversary proceeding currently pending before the U.S. Bankruptcy Court for the Central District of California: *LBJ v. Charnetsky*, Adversary No. 2:19-ap-01228-VZ (the "<u>Adversary Proceeding</u>").[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support, the Court orders that the Motion is **GRANTED**, as set forth herein.

On July 18, 2019, LBJ filed an Adversary Complaint for Sanctions against Defendants Leticia Charnetsky, an individual and trustee; Victor C. Charnetsky, an individual and trustee; The Family Trust of Victor C. Charnetsky and Leticia L. Charnetsky, a Revocable Trust; Crewe Street Acquisition, LLC; Victor S. Charnetsky, an individual and Managing Member; Catanzarite Law Corporation; Kenneth J. Catanzarite; Eric V. Anderton; and Roes 1-30, thereby commencing the

---

[1]    Mot. to Withdraw the Reference in Adversary Proceeding (the "<u>Motion</u>") [ECF No. 1].

Adversary Proceeding.[2]  Defendants answered on October 4, 2019, and demanded a jury trial.[3]  The Bankruptcy Court determined that Defendants had a right to a jury trial on this matter, and LBJ does not consent that the Bankruptcy Court may conduct the jury trial.[4]  LBJ believes that the United States District Court should conduct the jury trial, and, accordingly, it filed a stipulation in the Bankruptcy Court to transfer the Adversary Proceeding to the District Court.[5]  The Bankruptcy Court entered an order denying the stipulation because it could not simply transfer the Adversary Proceeding to the District Court; instead, for the District Court to assume jurisdiction over the Adversary Proceeding, the District Court must withdraw the reference.[6]

The Court finds LBJ's arguments meritorious.  Because the parties are entitled to a jury trial and LBJ does not consent that the Bankruptcy Court may conduct that jury trial, the motion is **GRANTED**.  The Court hereby **WITHDRAWS** the reference in connection with the Adversary Proceeding.

**IT IS SO ORDERED.**

---

[2]     *Id.* at ¶ 6.

[3]     *Id.* at ¶ 7.

[4]     *Id.* at ¶¶ 9 & 10.

[5]     *Id.* at ¶ 11.

[6]     *Id.*; *id.*, Ex. A.

**cc: USBK**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES— GENERAL

| Case No. | 5:21-cv-01907-JWH | Date | February 17, 2022 |
|---|---|---|---|

| Title | *Brian Jay Buenviaje v. Leticia Charnetsky, et al.* |
|---|---|

| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER (IN CHAMBERS)**

Before the Court is the unopposed motion of debtor and debtor-in-possession Brian Jay Buenviaje for an order withdrawing the reference in connection with an adversary proceeding currently pending before the U.S. Bankruptcy Court for the Central District of California: *Buenviaje v. Charnetsky*, Adversary No. 2:19-ap-01230-VZ (the "Adversary Proceeding").[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support, the Court orders that the Motion is **GRANTED**, as set forth herein.

On July 18, 2019, Buenviaje filed an Adversary Complaint for Sanctions against Defendants Leticia Charnetsky, an individual and trustee; Victor C. Charnetsky, an individual and trustee; The Family Trust of Victor C. Charnetsky and Leticia L. Charnetsky, a Revocable Trust; Crewe Street Acquisition, LLC; Victor S. Charnetsky, an individual and Managing Member; Catanzarite Law Corporation; Kenneth J. Catanzarite; Eric V. Anderton; and Roes 1-30, thereby

---

[1]     Mot. to Withdraw the Reference in Adversary Proceeding (the "Motion") [ECF No. 1].

**CIVIL MINUTES—
GENERAL**       Initials of Deputy Clerk iv

commencing the Adversary Proceeding.[2]  Defendants answered on October 4, 2019, and demanded a jury trial.[3]  The Bankruptcy Court determined that Defendants had a right to a jury trial on this matter, and Buenviaje does not consent that the Bankruptcy Court may conduct the jury trial.[4]  Buenviaje believes that the United States District Court should conduct the jury trial, and, accordingly, he filed a stipulation in the Bankruptcy Court to transfer the Adversary Proceeding to the District Court.[5]  The Bankruptcy Court entered an order denying the stipulation because it could not simply transfer the Adversary Proceeding to the District Court; instead, for the District Court to assume jurisdiction over the Adversary Proceeding, the District Court must withdraw the reference.[6]

The Court finds Buenviaje's arguments meritorious.  Because the parties are entitled to a jury trial and Buenviaje does not consent that the Bankruptcy Court may conduct that jury trial, the motion is **GRANTED**.  The Court hereby **WITHDRAWS** the reference in connection with the Adversary Proceeding.

**IT IS SO ORDERED.**

---

[2]      *Id.* at ¶ 6.

[3]      *Id.* at ¶ 7.

[4]      *Id.* at ¶¶ 9 & 10.

[5]      *Id.* at ¶ 11.

[6]      *Id.*; *id.*, Ex. A.

**CIVIL MINUTES—
GENERAL**                    Initials of Deputy Clerk iv

| In re: | CHAPTER: **11** |
|---|---|
| **Brian Jay Buenviaje** | CASE NUMBER: **2:16-bk-15189-VZ** |
| Debtor(s). | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**18000 Studebaker Road
Suite 325
Cerritos, CA 90703**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION IN CHAPTER 11 CASE FOR THE ENTRY OF AN ORDER CLOSING CASE ON INTERIM BASIS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **6/09/2022**    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Eric V Anderton on behalf of Plaintiff Leticia Charnetsky, Victor Charnetsky and CSA eanderton@catanzarite.com, bphillips@catanzarite.com
Nicholas W Gebelt          ngebelt@goodbye2debt.com
Merdaud Jafarnia          bknotice@mccarthyholthus.com; mjafarnia@ecf.inforuptcy.com
Clifford P Jung          clifford@jyllp.com; victoria@jyllp.com; vanessab@jyllp.com
Kelly M Kaufmann          bknotice@mccarthyholthus.com, krafterv@ecf.courtdrive.com
Ron Maroko ron,          maroko@usdoj.gov
Kelly L Morrison          kelly.l.morrison@usdoj.gov
Austin P Nagel          melissa@aonaaellaw.com
United States Trustee (LA)          ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **6/09/2022** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**HONORABLE VINCENT P. ZURZOLO
U.S. BANKRUPTCY JUDGE**
255 E. Temple Street, Suite 1360,
Los Angeles, CA 90012

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/09/2022 | **Onyinye N. Anyama** | */s/ Onyinye N. Anyama* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br><br>**Brian Jay Buenviaje**<br><br>Debtor(s). | CHAPTER **11**<br><br>CASE NUMBER **2:16-bk-15189-VZ** |
| --- | --- |

## ADDITIONAL SERVICE LIST:

**Debtor**
Brian T. Buenviaje
4525 Emerald Way
Culver City, CA 90230

**Attorney for Trustee:**
Kelly L. Morrison
Office of the United States Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90071/

**Secured Creditors
(via certified/priority mail)**
Attorney for Select Portfolio Servicing, Inc
Kelly M. Raftery
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101

Attorney for Charnetsky Trus**t**
Kenneth J. Catanzarite
Eric V. Anderton
Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, CA 92801

Charnetsky Trust
15905 Columet Court
Riverside CA 92506-0000

Select Portfolio Servicing, Inc
Attn: Corporate Officer
3815 S. West Temple
Salt Lake City, UT 84115

Corporation Service Company which will do business
In California as CSC Service as Agent for Service for
Select Portfolio Servicing
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

GBC International Bank
Attn: Corporate Officer
5670 Wilshire Blvd, Suite 1780
Los Angeles, CA 90036

Roger Yuen
Clifford P. Jung
Jung & Yuen, LLP
Attorneys for GBC International Bank
2667 E. Colorado Blvd., 2nd Floor
Pasadena, CA 91107

Wells Fargo Bank National Association
FDIC: Attn: Corporate Officer
101 N. Phillips Avenue
Sioux Falls, South Dakota 57104

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                 **F 9013-3.1**

| In re:<br>**Brian Jay Buenviaje**<br><br>Debtor(s). | CHAPTER **11**<br>CASE NUMBER **2:16-bk-15189-VZ** |
|---|---|

Wells Fargo Home Mortgage, Wells Fargo Bank
Attn: Corporate Officer
Corporate Offices
420 Montgomery Street
San Francisco, CA 94104

Corporation Service Company which will do business
In California as CSC Service as Agent for Service for
Wells Fargo Bank, National Association
2710 Gateway Oaks Drive, Suite 150N
Sacramento, DA 95833

Toyota Financial
P.O.Box 4102
Carol Stream, IL 60197

Flora Yap/Steven Yap
15239 Normandy Lane
La Mirada, CA 90638

**Twenty Largest Unsecured Creditors**
**(Note this category also contains all general unsecured creditors)**
Internal Revenue Service
P.O Box 7346
Philadelphia, PA 19101

L.A County Tax Collector
225 N. Hill Street
Los Angeles, CA 90012

Premiere Credit
P.O. Box 19901
Indianapolis, IN 46219

Business Lending Services
P.O. Box 6833
Laguna Niguel, CA 92607

CA Franchise Tax Board
P.O. Box 942867
Sacramento, CA 94267

Navient
Attn: Claims Department
P.O. Box 9500
Wi;les-Barr, PA 18773

The Paya Firm
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024

**Interested Parties:**
**Leassees:**
LBJ Healthcare Partners Inc.
13749 E. Crewe Street,
Whittier, CA 90605

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**